### FULLER, Trustee, *v.* FLETCHER and others.

*(Circuit Court, D. Rhode Island.   March 2, 1881.)*

1. NEW TRIAL — VERDICT CONTRARY TO THE WEIGHT OF THE EVIDENCE.

    A motion for a new trial will not be granted upon the ground that the verdict was contrary to the weight of the evidence, unless it clearly appears that the jury must have fallen into some important mistake, or must have departed from some rule of law, or must have made deductions from the evidence which were plainly not warranted by it.

2. SAME—SAME.

    Therefore, where the verdict was, in substance, "We find for the defendant upon the general issue, and give no consideration to the special pleas," it was *held* that a motion for a new trial should be granted, where it was shown that the verdict was not warranted upon the evidence under the general issue, although it could have been sustained if the verdict had been simply for the defendant, without any mention of the special pleas.—[ED.

Motion for New Trial.

*Richard B. Comstock* and *Elisha C. Mowry,* for plaintiff.

*William H. Greene,* for defendants.

KNOWLES, D. J.   The plaintiff in this case, against whom a verdict was rendered at the June term of this court, now moves that said verdict be set aside, and a new trial of said cause granted, upon three grounds, namely: *First,* that the verdict was against the evidence, and without evidence to support it; *second,* newly-discovered evidence; *third,* that the verdict was against the law as charged by the judge.   Upon

the several points of fact and of law involved in these propositions the learned counsel of the parties have been fully heard, in able and elaborate arguments, occupying many hours of three successive days, and to those arguments I have willingly given the deliberate consideration to which they are entitled, as the utterances of astute and experienced counsellors, upon topics with which they have made themselves familiar by diligent study. The results of that consideration it becomes my duty now to announce, and this at as small an expenditure of time and paper as may be consistent with intelligibility and precision.

And, *first*, of the first ground of the motion, "that the verdict was against the evidence, and without evidence to support it." Of a court's rights and duties of disposing of a motion for a new trial, when claimed upon this ground, I had occasion fully to treat in the case of *Hunt* v. *Pooke*, reported in 1 Abbott's C. & D. Ct. Rep. 556. Such a motion I held was addressed to the discretion of the court, remarking, in conclusion, that in my judgment "it was no abuse of that discretion on the part of a Pennsylvania jurist, who, on the return of a verdict by a jury, on the instant exclaimed, 'Mr. Clerk, enter an order that the verdict be set aside. I wish it to be understood that in my court it requires a verdict from *thirteen* to rob a banking corporation.'" Nor was it, in my judgment, any abuse of that discretion on the part of our own Justice Curtis, when, at Newport, a motion for a new trial on the ground that the verdict was against evidence being tendered him by a very able and pertinacious member of the bar, he, without a moment's hesitation, said: "You can file your motion, Mr. C., but I overrule it now and at once, for I have heard the case tried and am satisfied with the verdict." To the views then expressed I still adhere, and would here refer as embodying the principles or rules which must guide me in passing upon the motion under consideration. These I found in the concurring rulings or declarations of Justice Story and Justice Curtis, the first saying, in 1 Sumner, 471: "I hold it to be my duty to abstain from interfering with the verdict of a jury unless the verdict is clearly against the

undoubted general current of the evidence, so that the court
can clearly see that they have acted under some mistake, or
from some improper motive, bias, or feeling." And Justice
Curtis, saying in 1 Curtis, 64: "I hold it to be my duty not
to interfere with the verdict of a jury as being against the
evidence unless I can clearly see that the jury have uncon-
sciously fallen into some mistake, or been actuated by some
improper motive, in rendering their verdict." And again
saying, in 2 Curtis, 16: "Now, what I have to determine upon
this motion is whether I can clearly see that the jury must
have fallen into some important mistake, or must have de-
parted from some rule of law, or have made deductions from
the evidence which are plainly not warranted by it."

Now, recognizing as sound the rule of conduct *deducible*
from these utterances of Justices Story and Curtis, not to say
prescribed by them, I am constrained to adjudge that, upon
the ground firstly above stated, the said verdict should be set
aside and a new trial granted; for I cannot but clearly see
that the jury must have fallen into some important mistake,
or must have departed from some rule of law, or have made
deductions from the evidence which are plainly not warranted
by it, and consequently cannot but sustain the motion. Had
the verdict of the jury been simply for the defendant, without
special mention of either of the two pleas in the case, it may
be conceded there would have been no tenable ground for
impeaching it as against the evidence. The verdict would
have been regarded as the resultant of the jury's delibera-
tions upon all the evidence submitted to them, and with their
finding the court might well decline to intermeddle. But such,
it is agreed, was not their verdict. "We find for the de-
fendant upon the general issue, and give no consideration to
the special pleas," was in substance their verdict, which, with
the assent of the learned counsel of the parties, the court not
interposing, was affirmed and recorded in these words: "In
the above suit the jury find that the defendants are not guilty
of the trespasses, or any part thereof, in manner and form as
the plaintiffs have alleged in their declaration." And in view
of these facts and this state of the record, the plaintiff now

claims that inasmuch as the verdict was rendered upon the general issue, solely and exclusively, it should be set aside if it is shown that upon the evidence in the cause, relevant and proper under the general issue, (excluding from consideration whatever was admissible or admitted under a special plea of possession,) the verdict is unwarranted. This, in my judgment, is satisfactorily shown.

And here I am aware that with the approval of one of the parties, but not to the gratification of his antagonist, and in accordance with the practice of some of my brethren of the bench, I might here indulge in an argumentative review of the whole case, involving of course a recapitulation of much of the testimony submitted, an analysis and exposition of much of a large mass of documentary evidence, with remarks and suggestions touching the admissibility and positive and relative weight of that evidence upon the issues raised and contested, and might superadd to these such critical remarks in vindication of my rulings as might seem to me pertinent, approbatory or otherwise, of the antagonistic utterances *arguendo* of the learned counsel of the parties respectively. But from this I refrain, as in this case, manifestly, a work of supererogation, profiting no one, and of interest to none but the learned counsel, if even to them. Of the soundness or unsoundness of the conclusions to which I have arrived upon the motion pending, they, the counsel, are alone qualified to judge, and they alone, it is probable, will ever form, entertain, or express an opinion upon this point. Unanimity on their part, even were it desirable, is not reasonably to be expected, no matter how elaborate and persuasive the argument the court might submit in support of its conclusions.

Finding and ruling that upon the first ground the plaintiff is entitled to a new trial, upon the second and third grounds I express no opinion.

The verdict is set aside and a new trial granted.